*KOG* 9/7/22
PMC USAO#2021R00281

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** SAG - 22 - 317 |
| **v.** | : | |
| USDC- BALTIMORE '22 SEP 8 PM 1:08 **ERIC NANA KOFI-AMPONG COKER,** | : | **(Illegal Export of Firearms, 50 U.S.C. § 4819; Smuggling, 18 U.S.C. § 554)** |
| **Defendant.** | : | |

...oooOooo...

### INDICTMENT

### COUNT ONE
### (Firearms Export)

### General Allegations

At all times relevant to this Indictment:

1.    The Export Control Reform Act of 2018 ("ECRA"), 50 U.S.C. §§ 4801 *et seq.,*

2278, prohibits the export of dual use items (*i.e.,* items with civilian and military, terrorism,

weapons of mass destruction, or law-enforcement related applications) outside the United States

if an export license from the Department of Commerce's Bureau of Industry and Security

("BIS") is required, and no such license is obtained.

2.    Pursuant to its authority under ECRA, the BIS reviews and controls the export of

certain items, including commodities, software, and technologies from the United States through

the Export Administration Regulations ("EAR").  In particular, the EAR restricts the export of

items that could make a significant contribution to the military potential of other nations or that

could be detrimental to the foreign policy or national security of the United States and imposes

certain licensing and other requirements for items subject to the EAR for export from the United

States.

1

3.     The most sensitive items subject to EAR controls are identified on the Commerce Control List ("CCL"), published at 15 C.F.R. Part 774, Supp. No. 1. Items on the CCL are categorized by Export Control Classification Number ("ECCN"), each of which has export control requirements depending on destination, end user, and end use. Since March 9, 2020, certain types of firearms have been listed on the CCL and controlled under ECRA and EAR.

## The Charge

4.     Between in or about May 2021 and in or about June 2021, in the District of Maryland and elsewhere, the defendant

## ERIC NANA KOFI AMPONG COKER

did knowingly and willfully attempt to export and cause to be exported from the United States to Ghana items identified on the Commerce Control List, to wit:  one (1) SCCY Industries, LL.C., Model CPX-2 9mm handgun, serial number C123450; one (1) Mossberg, Model MC1SC 9mm handgun, serial number 048329CP; one (1) Smith & Wesson, Model SD9VE 9mm handgun, serial number FDF2031; one (1) HS Produkt, Model XD-9 9mm handgun, serial number BA239111; and one (1) Sarsilmaz (Sar Arms), Model B6 9mm handgun, serial number T1102-21E52242, which weapons were designated under ECCN 0A501.a, without first having obtained the required license or written approval from the United States Department of Commerce.

50 U.S.C. § 4819
15 C.F.R. Part 774, Supp. No. 1

2

## COUNT TWO
### (Smuggling)

The Grand Jury for the District of Maryland further charges:

1. The allegations in Paragraphs 1 through 3 of Count One are re-alleged and incorporated herein.

2. Between in or about May 2021, and in or about June 2021, in the District of Maryland and elsewhere, the defendant,

### ERIC NANA KOFI AMPONG COKER

did knowingly attempt to export and send from the United States to Ghana any merchandise, article, or object contrary to any law or regulation of the United State, and did knowingly receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article or object, prior to exportation, to wit:  one (1) SCCY Industries, LL.C., Model CPX-2 9mm handgun, serial number C123450; one (1) Mossberg, Model MC1SC 9mm handgun, serial number 048329CP; one (1) Smith & Wesson, Model SD9VE 9mm handgun, serial number FDF2031; one (1) HS Produkt, Model XD-9 9mm handgun, serial number BA239111; one (1) Sarsilmaz (Sar Arms), Model B6 9mm handgun, serial number T1102-21E52242, contrary to laws and regulations of the United States, that is 50 U.S.C. § 4819 and 15 C.F.R. Part 764.2.

18 U.S.C. § 554(a)

## COUNT THREE
### (Firearms Export)

1.    The allegations in Paragraphs 1 through 3 of Count One are re-alleged and incorporated herein.

2.    Between in or about May 2021, and in or about June 2021, in the District of Maryland and elsewhere, the defendant,

### ERIC NANA KOFI AMPONG COKER

did knowingly and willfully attempt to export and cause to be exported from the United States to Ghana items identified on the Commerce Control List, to wit: one (1) Taurus, Model G2C 9mm handgun, serial number ACC688800; one (1) Ruger, Model Security-9 9mm handgun, serial number 384-14158; one (1) Beretta, Model APX, 9mm handgun, serial number A132267X;  one (1) Ruger, Model American Pistol, 9mm handgun, serial number 863-12422; one (1) Girsan, Model Regard MC 9mm handgun, serial number T6368-21A01109; one (1) SAR Arms, Model SAR9 9mm handgun, serial number T1102-21BV66962, which weapons were designated under ECCN 0A501.a; and sixteen (16) 9 mm pistol magazines, which were designated under ECCN 0A501.x, without first having obtained the required license or written approval from the United States Department of Commerce.

50 U.S.C. § 4819
15 C.R.R. Part 774, Supp. No.1

## COUNT FOUR
### (Smuggling)

The Grand Jury for the District of Maryland further charges:

1.      The allegations in Paragraphs 1 through 3 of Count One are re-alleged and incorporated herein.

2.      Between in or about May 2021, and in or about June 2021, in the District of Maryland and elsewhere, the defendant,

### ERIC NANA KOFI AMPONG COKER

did knowingly attempt to export and send from the United States to Ghana any merchandise, article, or object contrary to any law or regulation of the United State, and did knowingly receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article or object, prior to exportation, to wit:  one (1) Taurus, Model G2C 9mm handgun, serial number ACC688800; one (1) Ruger, Model Security-9 9mm handgun, serial number 384-14158; one (1) Beretta, Model APX, 9mm handgun, serial number A132267X;  one (1) Ruger, Model American Pistol, 9mm handgun, serial number 863-12422; one (1) Girsan, Model Regard MC 9mm handgun, serial number T6368-21A01109; one (1) SAR Arms, Model SAR9 9mm handgun, serial number T1102-21BV66962; and sixteen (16) 9 mm pistol magazines,  contrary to laws and regulations of the United States, that is 50 U.S.C. § 4819 and 15 C.F.R. Part 764.2.

18 U.S.C. § 554(a)

## FORFEITURE

The Grand Jury for the District of Maryland further charges that:

1.     Upon conviction of the offenses set forth in Counts One and Two of this

Indictment, the defendant,

### ERIC NANA KOFI AMPONG COKER

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

924(d), Title 18, United States Code, 981(a)(l), Title 22, United States Code, Section 401, Title

21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), any

property, real or personal, which constitutes or is derived from proceeds traceable to the offenses,

or which was involved in such offenses or any property traceable to such property. The property

to be forfeited includes, but is not limited to:

      a.     One (1) SCCY Industries, LL.C., Model CPX-2 9mm handgun, serial number C123450;

      b.     One (1) Mossberg, Model MC1SC 9mm handgun, serial number 048329CP;

      c.     One (1) Smith & Wesson, Model SD9VE 9mm handgun, serial number FDF2031;

      d.     One (1) HS Produkt, Model XD-9 9mm handgun, serial number BA239111; and

      e.     One (1) Sarsilmaz (Sar Arms), Model B6 9mm handgun, serial number T1102-21E52242;

      f.     One (1) Taurus, Model G2C 9mm handgun, serial number ACC688800;

      g.     One (1) Ruger, Model Security-9 9mm handgun, serial number 384-14158;

      h.     One (1) Beretta, Model APX, 9mm handgun, serial number A132267X;

      i.     One (1) Ruger, Model American Pistol, 9mm handgun, serial number 863-12422;

      j.     One (1) Girsan, Model Regard MC 9mm handgun, serial number T6368-21A01109;

      k.     One (1) SAR Arms, Model SAR9 9mm handgun, serial number T1102-21BV66962; and

      l.     Twenty-four (24) 9 mm pistol magazines.

2.     If any of the property described above, as a result of any act or omission of the

defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 98 1 (a)(l )
21 U.S.C. § 853
22 U.S.C. § 401
28 U.S.C. § 246 1 (c)
Rule 32.2, F.R.Crim.P.

 

Erek L. Barron
United States Attorney

9/8/2022
Date

**SIGNATURE REDACTED**

Foreperson

7